DECISION
Plaintiff-appellant, Penny Dixon, appeals a decision of the Ohio Court of Claims denying her motion for summary judgment and finding that defendant-appellee, Ohio Bureau of Motor Vehicles, had not abused its discretion when it did not award her the 1991 through 1993 Parma deputy registrar agency contract.
In March 1991, appellee issued a Request for Proposal ("RFP") regarding a deputy registrar contract for the Parma area for the period beginning July 1, 1991 and ending June 30, 1993. Appellant held the deputy registrar contract for the Parma agency that was due to end in June 1991, and submitted a proposal for the new contract; however, in April, the registrar announced that it was going to award the contract to Patrick Roche.
Appellant reviewed the proposals submitted for the Parma agency and concluded that the registrar had failed to give her all the points to which she was entitled and had given Roche more points than he was entitled to receive. Believing that the registrar had abused its discretion in evaluating the proposals, appellant filed a complaint for declaratory and injunctive relief against the Registrar of the Bureau of Motor Vehicles, the Director of Highway Safety, the state of Ohio, and Roche in the Cuyahoga County Court of Common Pleas. Appellant sought preliminary and permanent injunctions enjoining the defendants from entering into or carrying out a deputy registrar contract for the Parma agency until and unless the proposals submitted in response to the RFP were reevaluated on a competitive award basis. Appellant's complaint included allegations that her due process and equal protection rights had been violated.
The trial court denied appellant's motion for a preliminary injunction and the case proceeded to trial in November and December 1992.
In June 1993, while the matter was pending before the common pleas court, appellant filed her complaint against appellee in the Ohio Court of Claims. The Court of Claims stayed the proceedings pending final disposition of connected cases.
In January 1994, the common pleas court entered a judgment for appellant. The court permanently enjoined defendants from using the RFP or evaluation scheme it had used to evaluate the proposals for the Parma area contract. The judgment "FURTHER ORDERED, ADJUDGED AND DECREED that [appellant] was the successful proposer for the two-year deputy registrar contract for the Parma Agency" beginning July 1, 1991, and that the state erroneously awarded the contract to Roche despite the fact that his proposal did not receive the highest score. The court also "ORDERED, ADJUDGED AND DECREED that [appellant] is entitled to a declaratory judgment that her 1991 deputy registrar agency for the Parma region * * * was superior to all others for that contract period and she was entitled to the most points based on the Registrar's stated criteria, and that the Registrar's evaluation of her proposal in relation to the other proposals for that agency and his decision-making related thereto was arbitrary, capricious, unreasonable, not in accordance with law, and an abuse of his discretion."
On appeal, the Eighth District Court of Appeals found that the state's assignments of error regarding the trial court's ruling specifically related to the 1991 through 1993 deputy registrar contract for the Parma area were moot because the injunctive relief appellant sought, an award of the contract, was impossible to grant. Accordingly, the court dismissed the appeal as to that portion of the common pleas court's decision. The Eighth District reversed the common pleas court's conclusion that the RFP and evaluation process used for the July 1991 through June 1993 period could not be used in the future.
Appellant's appeal of the Eighth District's decision was not taken by the Ohio Supreme Court. In May 1996, the Court of Claims lifted its stay.
Appellant's action in the Court of Claims sought monetary damages in contrast to the equitable relief she had sought in the common pleas court; however, both actions were premised on the same underlying facts. In her amended complaint filed with the Court of Claims, appellant alleged that, in failing to award her the proper points and in awarding Roche too many points, the registrar's actions were arbitrary, capricious, unreasonable, unlawful and an abuse of discretion. Appellant further alleged that, but for this unlawful conduct, the state was obliged to award the Parma area deputy registrar agency contract to appellant because her proposal was the best on "a competitive award basis." Appellant alleged that the common pleas court had determined that she was the successful proposer for the contract and was entitled to award of the contract. Appellant stated that, in light of the Eighth District's dismissal of the state's appeal challenging this portion of the common pleas court decision, the determination that appellant was entitled to the award of the contract remained in full force and effect. Appellant stated that, as a direct and proximate result of the state's failure to award her the contract, she lost revenue and incurred costs for leasing the space and preparing her bid; appellant demanded judgment against the state in the amount of $500,000 plus interest and costs.
Both parties filed motions for summary judgment, which the Court of Claims denied. The case proceeded to trial, after which the Court of Claims issued its decision. The Court of Claims discussed the Eighth District's decision which found that the RFP specifically negated appellant's premise that the contract must be awarded to the proposer with the highest point total and, instead, gave the registrar discretion to award the contract to the proposal found most favorable to the state's interest, regardless of point total. The Court of Claims held that appellant's abuse of discretion claim based on appellee's alleged improper scoring of her proposal was without merit because even if appellant's proposal had received the highest total, she would still not be entitled to award of the contract. Accordingly, the Court of Claims held that appellant failed to prove by a preponderance of the evidence that appellee abused its discretion when it did not award her the contract.
Appellant appeals the decision of the Court of Claims and presents the following two assignments of error:
 Assignment of Error No. I: The Court of Claims committed prejudicial error when it denied Plaintiff's Cross-Motion for Summary Judgment.
 Assignment of Error No. II: The Court of Claims Committed prejudicial error when it determined that defendant did not abuse its discretion because that determination is against the manifest weight of the evidence.
In her first assignment of error, appellant asserts that the Court of Claims did not recognize the preclusive effect the common pleas decision had on the issue of appellee's liability in the Court of Claims litigation due to the doctrine of resjudicata.
In her motion for summary judgment, appellant contended that the common pleas court granted declaratory judgment in her favor finding that she was rightfully entitled to the award of the 1991 through 1993 Parma deputy registrar agency contract. Further, because the court of appeals dismissed the assignments of error with respect to the award of the contract, appellant contended that the doctrine of res judicata barred appellee from challenging the common pleas court's decision on that issue. Accordingly, appellant argued that the only issue remaining to be determined before the Court of Claims was the extent of damages caused by appellee's wrongful refusal to award her the Parma contract.
The keystone to appellant's argument is that the common pleas court held that appellee abused its discretion when it did not award appellant the contract and was required to award the contract to appellant. This court does not agree with appellant's reading of the common pleas court decision; although the common pleas court ruled that the registrar erred when it awarded the contract to Roche and abused its discretion in evaluating the proposals, the court did not order that appellant was entitled to an award of the contract.
The Court of Claims found that, even if appellant should have received the highest points on her proposal as the common pleas court had found, that did not entitle her to the award of the contract.
The RFP for competitive selection of deputy registrars for 1991 states that the proposal that received the highest points would be recommended for award of the contract. However, the RFP goes on to state that the registrar had two options, both of which had to be approved by the Director of Highway Safety: first the registrar could award the contract to the proposer the registrar believed submitted the proposal most beneficial to the state and the public; or second, the registrar could reject all proposals.
Accordingly, accepting without deciding the proposition that the common pleas court decision had res judicata effect in the Court of Claims, the Court of Claims properly determined that whether appellee had abused its discretion when it did not awardthe contract to appellant was not decided by the common pleas court and, therefore, was not res judicata in the Court of Claims.
Appellant's first assignment of error is overruled.
Under her second assignment of error, appellant asserts that the Court of Claims' determination that appellee did not abuse its discretion when it failed to award her the deputy registrar contract is against the manifest weight of the evidence. Appellant contends that undisputed evidence establishes she was entitled to the contract both because she was the highest scorer and because her proposal was in the best interest of the state. Thus, appellant claims she was entitled to money damages sustained as a result of appellee's wrongful failure to award her the 1991 through 1993 Parma deputy registrar agency contract.
As previously stated, a finding that appellee abused its discretion when it evaluated the proposals and erred in awarding the contract to Roche does not equate with a finding that appellant was entitled to award of the contract. The RFP does not require such a consequence. Because the RFP authorized appellee to reject all proposals, appellee cannot be found to have abused its discretion when it failed to award the contract to appellant. Even if this court were to assume that appellant's proposal should have received the highest score and was most beneficial to the state, whether appellant sustained the damages she alleges cannot be established with certainty because appellee could have chosen to reject all proposals. Consequently, appellant's alleged damages are speculative and any damage award is precluded. Pietzv. Toledo Trust Co. (1989), 63 Ohio App.3d 17, 22.
Appellant's second assignment of error is overruled.
For the above reasons, appellant's assignments of error are overruled, and the judgment of the Court of Claims is affirmed.
Judgment affirmed.
BROWN and KENNEDY, JJ., concur.